In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-25-00129-CV

IN RE UNITED PARCEL SERVICE, INC. AND CATLIN J. MURRAY

**Original Proceeding**
**136th District Court of Jefferson County, Texas**
**Trial Cause No. 25DCCV0483**

## MEMORANDUM OPINION

United Parcel Service, Inc. and Catlin J. Murray filed a petition for a writ of mandamus and a motion for temporary relief from the trial court's order authorizing depositions in a Rule 202 proceeding allegedly filed in a county of improper venue. We stayed the depositions and requested a response from the Real Party in Interest, Paulette Calloway.

Background

Rule 202 of the Texas Rules of Civil Procedure permits a person to petition the trial court for an order to take a deposition to investigate a potential claim or suit.

Tex. R. Civ. P. 202.1(b); *In re Velvin Oil Co.*, No. 01-17-00384-CV, 2018 Tex. App. LEXIS 3198, at *8 (Tex. App.—Houston [1st Dist.] May 8, 2018, orig. proceeding) (op. on reh'g). The petition must be verified and filed in the county where venue of the anticipated suit lies or where the witness resides, if suit is not anticipated. Tex. R. Civ. P. 202.2(a)-(b*); In re Velvin Oil Co.*, 2018 Tex. App. LEXIS 3198, at *8.

In her original Rule 202 petition, Calloway alleged Murray resided in Fort Bend County and that Calloway resided in Jefferson County. Calloway's Rule 202 petition alleged she was struck by a tractor-trailer being operated by Murray, a resident of Missouri City, Texas, that the vehicle was operated under a United States Department of Transportation certificate belonging to UPS, and the motor vehicle collision occurred near Sulphur, Louisiana. She alleged jurisdiction and venue was proper in Jefferson County because both drivers were Texas residents and she resided in Jefferson County, Texas. She did not allege that UPS had a principal place of business in Jefferson County.

UPS and Murray responded to Calloway's Rule 202 petition. They asserted that the trial court did not have proper venue and complained that Calloway was using the Rule 202 procedure improperly to request production of documents for the impermissible reason of obtaining discovery before providing fair notice of the issues to the defendants.

On April 4, 2025, the trial court granted Calloway's petition for authorization to conduct Rule 202 depositions. The trial court found the petition was "filed in a proper court of a county where venue of the anticipated suit may lie." The trial court ordered that Calloway may depose a UPS corporate representative on a variety of topics and ordered UPS and Murray to produce all documents and materials reviewed by, or relied upon by, either of them in preparation for their testimony. UPS and Murray sought mandamus relief in the appellate court.

## Suggestion of Mootness

Calloway did not file a response to Relators' mandamus petition, but she did file a motion to dismiss the mandamus proceeding as moot because she confirms that she has amended her pleadings in the trial court to now file an Original Petition alleging negligence against Relators. According to Calloway, "[t]he filing of the lawsuit obviates any need for Rule 202 relief, making the challenged order a practical nullity." Relators replied that this mandamus proceeding is not moot because Calloway's amended pleading renewed her request for pre-suit depositions in an "amended" Rule 202 petition.

"A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings[.]" *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). The controversy at issue in this original proceeding concerns the trial court's order authorizing pre-suit depositions under

Rule 202. In this Court, Calloway argues the mandamus proceeding no longer presents a live controversy because pre-suit depositions are unavailable now that she has filed a suit for negligence.

We conclude that based on Calloway's filing in this Court she has abandoned her request for relief under Rule 202 and the order granting a Rule 202 deposition should be vacated by the trial court, and this mandamus proceeding is moot. The appropriate action for this Court is to dismiss the mandamus proceeding as moot which will allow the trial court to completely vacate its Rule 202 order. Accordingly, the petition for a writ of mandamus is dismissed.

PETITION DISMISSED.

PER CURIAM

Submitted on April 24, 2025
Opinion Delivered July 24, 2025

Before Johnson, Wright and Chambers, JJ.

4